| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HASSAN ALI, | | Case No. 1:21-cv-01325-DAD-SAB-HC |
| | Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING RESPONDENT'S MOTION TO DISMISS BE DENIED AND PETITIONER'S MOTION TO TRANSFER BE GRANTED |
| | v. | |
| IAN CONNORS, et al., | | |
| | Respondents. | (ECF Nos. 14, 15) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner commenced the instant action by filing a civil rights complaint on September 2, 2021. (ECF No. 1). On September 17, 2021, the undersigned issued findings and recommendation recommending that the action be dismissed for failure to state a cognizable claim for relief. (ECF No. 7). In his objections, Petitioner informed the Court that his pleading "was intended and assumed by him to be a petition for writ of habeas corpus and not a Bivens," and requested that the Court construe his pleading as a petition for writ of habeas corpus. (ECF No. 8). On October 12, 2021, the undersigned vacated the findings and recommendation and construed this action as filed pursuant to 28 U.S.C. § 2241. (ECF No. 9).

1

On December 13, 2021, Respondent filed a motion to dismiss the petition for lack of jurisdiction, but noted that "this Court may elect, in the interest of justice, to transfer venue to a district in which it should have been brought." (ECF No. 14 at 2).[1] On January 3, 2022, Petitioner opposed the motion to dismiss and moved to transfer the petition to the Western District of Virginia. (ECF No. 15).

## II.

## DISCUSSION

In the petition, Petitioner challenges prison disciplinary proceedings that occurred at the United States Penitentiary Atwater and resulted in the loss of twenty-seven days of good time credit on various due process grounds. (ECF No. 1 at 1–4). At the time Petitioner commenced this action and to date, Petitioner has been housed at the United States Penitentiary Lee ("USP Lee"), which is located within the Western District of Virginia. (ECF No. 14 at 2).

"Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a [federal] prisoner's claims 'that he has been denied good time credits' or 'subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law.'" Fiorito v. Entzel, 829 F. App'x 192, 193 (9th Cir. 2020) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)). "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). As Petitioner has been housed at USP Lee throughout the pendency of this action, venue is proper in the district of confinement, which is the Western District of Virginia. See United States v. Brugnara, 793 F. App'x 596 (9th Cir. 2020) (finding that § 2241 petition challenging disciplinary proceeding and credit loss must be heard in custodial court).

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. Accordingly, rather than dismissal, the undersigned

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

finds that transfer of the petition to the United States District Court of the Western District of Virginia is appropriate in the interest of justice.

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 14) be DENIED;
2. Petitioner's motion to transfer (ECF No. 15) be GRANTED; and
3. The petition be TRANSFERRED to the United States District Court for the Western District of Virginia.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 18, 2022**

UNITED STATES MAGISTRATE JUDGE

3